UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil File No. 26-cv-3471 (MJD/ECW)

John Nesse and Tom Lutz, as Trustees of the Carpenters and Joiners Welfare Fund and the Carpenters and Joiners Defined Contribution Plan, and each of their successor(s); and Todd Hayes and Tom Lutz, as Trustees of the Twin City Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and each of their successor(s),

Plaintiffs,

vs.

Steel Rock Commercial LLC,

Defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR ENTRY OF DEFAULT AND INJUNCTION**

## FINDINGS OF FACT

1. Plaintiffs commenced this action by filing a Complaint on July 31, 2026. *See* Dkt. 1. Defendant Steel Rock Commercial LLC (hereinafter "Steel Rock") was served personally with the Summons and Amended Complaint in this matter on August 10, 2026. *See* Dkt. 4.

2. The time allowed by law and specified in the Summons for Steel Rock to answer the Complaint has lapsed.

3. To date, Steel Rock failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon Plaintiffs' counsel.

4. The Clerk's Entry of Default was entered against Steel Rock on September 4, 2026. *See* Dkt. 8.

5. Plaintiffs are trustees of the respective employee benefit plans named in the Complaint and are fiduciaries empowered to act on behalf of the plans under ERISA § 3(21), 29 U.S.C. § 1002(21).

6. As of June 26, 2019, Steel Rock agreed to be bound to the terms of a certain collective bargaining agreement(s) between the Northern Midwest Regional Council of Carpenters (f/k/a North Central States Regional Council of Carpenters) and the Allied Construction Employers' Associations, Inc., Associated General Contractors of Greater Milwaukee, Inc., and Floor Coverers' Association of Southeastern Wisconsin (hereinafter "CBA").

7. Steel Rock has admitted it never terminated or abrogated the CBA and remains bound thereto.

8. Under the CBA, Steel Rock is required to pay fringe benefit contributions to the Plaintiffs in accordance with the terms of each respective CBA. Steel Rock must pay Plaintiffs fringe benefit contributions on behalf of all

employees performing work covered by each CBA in the amounts set forth and agreed upon therein, for the purpose of funding employees' benefits.

9. The CBA and Trust Agreement require employers, such as Steel Rock, to contribute every month, not later than the fifteenth (15th) day of the following month, such sums for pension, health and welfare coverage, and apprenticeship benefits, an amount for each hour worked by all employees covered by the CBA. Each payment shall be accompanied by a report form as specified by the Trustees and must be submitted to Wilson-McShane Corporation, 3001 Metro Blvd., Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

10. The CBA and Fund's Trust Agreement all provide that if Wilson-McShane has not received an employer's remittance reports and payment for contributions on or before the 15th day of the month following the month in which contributions are due and owing that employer is considered "delinquent" and is liable for unpaid contributions, liquidated damages in the amount of 20% of the unpaid contributions, reasonable attorneys' fees, interest calculated at the rate prescribed under Section 6621 of the Internal Revenue Code, and other

expenses incurred by the Plaintiff incurred in taking action on the employer's delinquency.

11. The CBA also requires that Defendant Steel Rock furnish to the Plaintiffs, or their authorized agents, on demand, all necessary employment and payroll records, and any other relevant information, whenever such examination is deemed necessary in the discretion of the Trustees.

12. Plaintiffs requested that Steel Rock produce a complete set of all employment and payroll records for audit for the period which includes January 1, 2025, through June 30, 2026 ("Audit Period"), for the purposes of auditing the records to determine their compliance with the terms of the CBA.

13. To date, no records have been provided for this audit.

14. Steel Rock has breached their obligations under the CBA by failing to produce all records requested by Plaintiffs for a compliance audit for the period of January 1, 2025, through June 30, 2026.

15. Upon an audit of Steel Rock's records, if any employees worked hours for which fringe benefit contributions were owed and not reported and paid to Plaintiffs, Steel Rock will be required to pay those amounts to Plaintiffs pursuant to the CBAs under ERISA § 515, 29 U.S.C. § 1145.

## CONCLUSIONS OF LAW

1. Steel Rock is in default, and Plaintiffs are entitled to Entry of a Default Order.

2. Steel Rock is liable to the Funds for any and all fringe benefit contributions found to be due and owing for the audit period of January 1, 2025, through June 30, 2026 ("Audit Period"), together with liquidated damages, interest, and attorney's fees and costs incurred in collecting the delinquency pursuant to ERISA § 502(g), 29 U.S.C. § 1132 (g).

3. Steel Rock is required to submit all records requested by Plaintiffs to complete an audit and accurately identify whether any additional fringe benefit contributions are due for the Audit Period.

4. Plaintiffs are without any alternative remedy in law, and unable to quantify damages without production of the records needed for a compliance audit. Therefore, an order providing injunctive relief is appropriate.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' Motion for Entry of Default Order and Injunction is granted.

2. That Defendant Steel Rock is hereby ordered to produce the following records for audit and review for the period of January 1, 2025, through June 30, 2026 ("Audit Period"), if they have not already been submitted, to Plaintiffs at the premises of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425:

a. All payroll registers or journals;

b. All time cards;

c. All Internal Revenue 941 quarterly reports;

d. All Form 1099s and 1096s;

e. All records delineating any projects each employee worked on during the Audit Period;

f. All Internal Revenue W-2 and W-3 forms (to the extent such forms are issued by the employer prior to the audit being completed);

g. All documents evidencing payments to any individual for labor or services, regardless of whether Defendant classifies such individual as an employee or as a subcontractor;

h. All cash disbursement reports or journals;

i. All business checking account registers or journals;

j. All checking account bank statements including copies of all checks issued from the accounts;

k. All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms;

l. All records identifying the type of work performed by each employee and individual who has performed services for the Defendant; and

m. Any such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs.

5. Defendant is further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs to complete the audit.

6. That Defendant's production of the records required herein shall occur within ten (10) days of entry of this Court's Order (or within 10 days of Plaintiffs' demand for additional records) and shall be produced at the premises of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425 (either in paper form or electronically).

7. That upon completion of the audit for the period of January 1, 2025, through June 30, 2026, if Defendant fails to make payments required by this Order, the Plaintiffs may move the Court for entry of a money judgment for all unpaid

contributions, liquidated damages, interest, and reasonable attorney fees and costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: November 18, 2026

BY THE COURT:

s/Michael J. Davis
Michael J. Davis
United States District Court